```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :      INDICTMENT

          -v.-                    :
                                         08 Cr.
LUMA BITTI and                    :
NUE QUNI,

               Defendants.        :

- - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 02 2008

08 CRIM 488

## COUNT ONE

The Grand Jury charges:

1.  From in or about December 2007, up to and including on or about January 30, 2008, in the Southern District of New York and elsewhere, LUMA BITTI and NUE QUNI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Sections 1029(a)(5) and 1029(b)(1).

2.  It was a part and object of the conspiracy that LUMA BITTI and NUE QUNI, the defendants, and their co-conspirators, unlawfully, willfully and knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would and did effect transactions, with one and more access devices issued to another person and persons, to receive payment and another thing of value during a one-year period the aggregate value of which is equal to and greater than $1,000, in

violation of Title 18, United States Code, Section 1029(a)(5) and (b)(1).

## Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about January 12, 2008, NUE QUNI, the defendant, wire transferred approximately $3,000 from New City, New York, to an individual in Russia.

    b. On or about January 20, 2008, LUMA BITTI, the defendant, wire transferred approximately $3,000 from New York, New York, to an individual in Russia.

(Title 18, United States Code, Section 1029(b)(2).)

## COUNT TWO

The Grand Jury further charges:

4. From in or about December 2007, up to and including on or about January 30, 2008, in the Southern District of New York and elsewhere, LUMA BITTI and NUE QUNI, the defendants, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did effect and attempt to effect transactions, with one and more access devices issued to another person and persons, to receive payment and another thing of value during a one-year period the

aggregate value of which is equal to and greater than $1,000, to wit, BITTI and QUNI used Automatic Teller Machine ("ATM")/debit cards encoded with other people's bank account information to withdraw monies from ATMs in amounts totaling more than $1,000, without authorization from the account holders.

(Title 18, United States Code, Sections 1029(a)(5), 1029(b)(1) and 2.)

### FORFEITURE ALLEGATION

5. As the result of committing one or more of the offenses alleged in Counts One and Two herein, LUMA BITTI and NUE QUNI, the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense(s), including but not limited to the following:

    a. Approximately $75,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of this Indictment.

### Substitute Assets

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant

    a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

  (Title 18, United States Code, Section 981;
  Title 28, United States Code, Section 2461; and
Title 18, United States Code, Sections 1029(a)(5) and (b)(1).)


*[signature]*  
FOREPERSON

*[signature]*  
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

LUMA BITTI and NUE QUNI,

Defendants.

INDICTMENT

08 Cr.

(18 U.S.C. §§ 1029(b)(2),
1029(a)(5), 1029(b)(1) and 2)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.